
Order Form (01/2005)

Case 4:12-cv-00309-CW Document 116 Filed 08/05/11 Page 1 of 2



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7019 | **DATE** | 8/5/2011 |
| **CASE TITLE** | NDX Advisors, Inc., et al. vs. Balistreri, et al. | | |

**DOCKET ENTRY TEXT**

The case is dismissed for lack of subject matter jurisdiction. Plaintiffs are granted leave to amend by August 22, 2011.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Plaintiffs NDX Advisors, Inc., NDX Capital Management, LLC ("Capital"), NDX Holdings, and NDX Trading, Inc. ("Trading") (collectively "Plaintiffs") sue Defendants Andrew Balistreri and approximately fifty-four other individuals for an injunction and declaratory relief. Defendants have moved to transfer the case to California. For the following reasons, the case is dismissed for lack of subject matter jurisdiction. Plaintiffs are granted leave to amend.

    Courts are bound to evaluate their own jurisdiction, "*sua sponte* if necessary." Fednav Int't Ltd. v. Cont'l Ins. Co., 624 F.3d 834, 837 (7th Cir. 2010). Plaintiffs assert jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity, meaning that all defendants are citizens of a state different than all plaintiffs. Otherwise complete diversity is "destroyed." See Smoot v. Mazda Motors of Am., Inc., 469 F.3d 675, 476 (7th Cir. 2006). Here, Plaintiffs allege that all Defendants are California citizens, while Plaintiffs are citizens of Minnesota and Texas.

    Plaintiffs' allegation about Defendants' citizenship, however, is made upon "information and belief." Compl. 6. Ordinarily federal jurisdiction can be invoked only by allegations made on personal knowledge, not information and belief. See Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P., 980 F.2d 1072, 1074 (7th Cir. 1992). This case appears to illustrate the rule. In their motion to transfer, Defendants state that their citizenship includes California, New Mexico, Colorado, and—importantly—Texas. Mem. of Points and Authorities in Support of Def.'s Mot. to Transfer 2. Of course, Plaintiff Trading alleges it is a Texas corporation. Compl. 6. Having Texans on either side of this case destroys complete diversity, and with it subject matter jurisdiction.

    Even if it did not, Plaintiffs' pleadings are deficient as to Capital, which is alleged to be a limited liability company. "For an LP, LLC, or similar organization, the citizenship of every investor counts." White Pearl Inversiones S.A. v. Cemusa, Inc., No. 10-2739, 2011 WL 3084916, at *2 (7th Cir. July 26, 2011). Plaintiffs have not alleged the citizenship of any of the members of Capital. "If even one investor in an LP or LLC has the same citizenship as any party on the other side of the litigation, complete diversity is missing and


## STATEMENT

the suit must be dismissed." Id. Plaintiffs' pleading deficiency stops the court from assessing whether this entity poses a threat to § 1332 jurisdiction.

For the foregoing reasons, the case is dismissed for lack of subject matter jurisdiction. Plaintiffs are cautioned that "it is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme." Guar. Nat'l Title Co. v. J.E.G. Assocs., 101 F.3d 57, 59 (7th Cir. 1996). Plaintiffs are granted leave to amend to clarify whether subject matter jurisdiction exists by Aug. 22, 2011. See McCready v. eBay, Inc., 453 F.3d 882, 891 (7th Cir. 2004) (typically granting a plaintiff a chance to cure such a pleading deficiency).

IT IS SO ORDERED.